IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |   |
|---|---|---|
| IN RE | ) ) ) | |
| NELSON ROWELL, | ) | CASE NO. 04-30542-H3-13 |
|   | ) | |
| Debtor, | ) ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Chapter 13 Fee Application Post Confirmation" (Docket No. 56) filed by Reese W. Baker, attorney for Debtor ("Applicant"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the application in part. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Nelson Rowell ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on January 5, 2004.

In the instant application, Applicant seeks allowance of $1,054.50 in fees and $33.50 in expenses. The instant application is Applicant's second application. On the first application (Docket No. 35), Applicant was allowed $4,995.00 in fees and $285.50 in expenses, for the period December 2, 2003

through July 5, 2005.

The services covered in the instant application include $276 in fees for preparation for and attendance at the hearing on the first fee application,[1] $62 in fees for preparation of the instant application, and the remainder of $716.50 covering preparation for and appearance at a hearing on a motion to dismiss filed by the Chapter 13 Trustee, and preparation of a modification of the plan.

Applicant testified that Debtor requested preparation of a motion to modify in order to cure an arrearage in the Chapter 13 plan payments. The modification Applicant filed on Debtor's behalf called for cure of two missed plan payments. The cause advanced for dismissal in the Chapter 13 Trustee's motion to dismiss was failure to make the two payments.

## Conclusions of Law

Section 330(a)(4) of the Bankruptcy Code sets forth the standards governing reasonable compensation to a debtors' attorney "for representing interests of the debtor in connection with the bankruptcy case." The factors to be considered are the benefit and necessity of the services and the "nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates for such services; (C) whether the services were

---

[1] This amount is in addition to $191 sought and allowed in the first application for preparation of the first application.

necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." 11 U.S.C. § 330(a)(4).

In the instant application, the services rendered with respect to the modification and the motion to dismiss were not complex. As such, allowance of fees for the services rendered should reflect a reduction from the amount sought. The court concludes that $600.00 is a reasonable fee with respect to the modification and response to the motion to dismiss filed in the instant case. With respect to the earlier fee application, the court concludes that applicant's preparation for and attendance at the hearing were necessary to the administration of the case. However, the court concludes that the compensation is not reasonable based on the customary compensation charged by comparably skilled practitioners, in light of the allowance of $191 for preparation of the first fee application. The court concludes that $100 is a reasonable fee with respect to preparation for an attendance at the hearing on the first fee

application.  The court concludes that $62 is a reasonable fee for preparation for the instant application.

Based on the foregoing, a separate Judgment will be entered allowing fees of $762.00 and expenses of $33.50.

Signed at Houston, Texas on June 7, 2006.

                                          _____
                                          LETITIA Z. CLARK
                                          UNITED STATES BANKRUPTCY JUDGE